UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WROTH, et al., <br> Plaintiffs, <br> v. <br> CITY OF ROHNERT PARK, et al., <br> Defendants. | Case No. 17-cv-05339-JST <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY** <br> Re: ECF No. 23 |

Before the Court is Defendants' motion to temporarily stay civil proceedings pending completion of the criminal investigation into the alleged excessive force incident underlying this civil action. For the following reasons, the Court will grant the motion to stay, effective until April 2, 2018.

**I.  BACKGROUND**

Plaintiffs Christopher Wroth and Marnie Wroth ("the Wroths") are the parents of the deceased Branch Wroth. ECF No. 1 ¶ 3. According to the Wroths, Branch was taken into police custody and "[w]hile facedown and restrained he was tasered in the back approximately four times." Id. ¶ 10. They allege that "[a]s a result of said acts and omissions Branch Wroth died while in the custody and under the control of Defendants Sittig-Wattson and Huot." Id. ¶ 11. On September 14, 2017, the Wroths sued Defendants under Section 1983. ECF No. 1 ¶¶ 16-20.

Defendants include the City of Rohnert Park, Officer David Sittig-Wattson, and Officer Sean Huot of the City of Rohnert Park Public Safety Department. According to Defendants, "[t]he Law Enforcement Employee-Involved Fatal Incident Protocol ("the Protocol") governs all officer-involved fatal incidents in Sonoma County." ECF No. 23 at 7. Defendants claim that the Protocol was immediately invoked after Branch's death. Id. Under the Protocol, the Sonoma County

Sheriff's Department controls and manages the criminal investigation. Id. In December 2017, the Sheriff's Department finished its investigation and forwarded the case to the Sonoma County Office of the District Attorney. Id. "Under the Protocol, the District Attorney's Office will make every reasonable effort to complete its review and either file charges or prepare a summary report if no charges are filed within ninety (90) days of receiving the completed report . . . ." ECF No. 25 ¶ 6. The District Attorney anticipates that the review will be completed in late March or early April. ECF No. 25 ¶ 7.

Defendants now seek to temporarily stay the civil proceedings pending completion and determination of the criminal proceedings. ECF No. 23 at 1. The Wroths oppose. ECF No. 26 at 1.

## II. LEGAL STANDARD

A court has discretion to stay a civil case pending the completion of criminal proceedings "when the interests of justice seem to require such action." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotation marks and citations omitted). First, a court must consider "the extent to which the defendant's fifth amendment rights are implicated." Id. (quoting Federal Sav. and Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)). Then, a court must balance the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating, 45 F.3d at 325 (citing Molinaro, 889 F.2d at 903).

## III. ANALYSIS

### A. Defendants' Fifth Amendment Rights

"A court may decide in its discretion to stay civil proceedings 'when the interests of justice seem to require such an action.'" Jones v. Conte, No. C 04-5312 SI, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005) (quoting Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th

Cir.1995)). "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." Sec. & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980). .

Here, Defendants' Fifth Amendment rights may be implicated because there is a pending criminal investigation by the Sonoma County Sheriff's Department and the District Attorney that revolves around the same legal and factual issues as this civil case. ECF No. 23 at 14. Officer Sittig-Watson and Officer Huot may have to choose between asserting their rights against self-incrimination, "thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case." Jones, 2005 WL 1287017, at *1 (internal quotation marks and citation omitted). If the officers exercise their Fifth Amendment rights, this may be used against them as "the Fifth Amendment does not forbid adverse inferences against parties to civil actions . . . ." Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).

The Court recognizes that, for the moment, this risk is theoretical because the officers have not yet been indicted. Defendants' Fifth Amendment rights are therefore not fully implicated. See e.g Molinaro, 889 F.2d at 903 (citation omitted) (noting that "the case for staying civil proceedings is a far weaker one when no indictment has been returned and no Fifth Amendment privilege is threatened"); eBay, Inc. v. Digital Point Sols., Inc., No. C 08-4052 JF (PVT), 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010) (citation omitted) (finding that the "potential prejudice to a civil defendant facing a parallel criminal investigation is more remote than it is for an indicted defendant . . . .").

However, "courts will not categorically deny a stay "solely because the defendant has not yet been indicted." Id. (internal quotation marks and citation omitted). The officers still have legitimate concerns about potential impending criminal prosecution. Given these concerns, "the Court concludes that the Defendants have 'significant, though not overwhelming' Fifth Amendment interests that must be considered in light of its analysis of the other Keating factors." Id. at *4 (quoting Applied Materials, Inc. v. Semiconductor Spares, Inc., No. C95-20129-RMW(EAI), 1995 WL 261451, at *3 (N.D. Cal. Apr. 26, 1995)). Further, Defendants have not

3

asked for an indefinite stay, but have made a request for a temporary stay while the criminal investigation is completed, lessening the prejudice to Plaintiffs. The Court finds that this factor weighs in favor of a short stay.

### B. Plaintiffs' Interest

The Wroths suggest that a delay in discovery will prejudice them. ECF No. 26 ¶ 6. However, Defendants request a stay until the resolution of the criminal investigation. ECF No. 23 at 6. The Protocol suggests that the District Attorney's office completes its investigation within ninety days of receiving the completed report from the Sheriff's Office. ECF No. 25 ¶ 6. The District Attorney received the report in December 2017 and the District Attorney anticipates finishing her review in late March or early April. ECF No. 25 ¶ 7. While the Wroths would be prejudiced by a stay pending criminal proceedings without a concrete timeline, the Wroths will not be prejudiced by a stay with a clear ending date. See eBay, 2010 WL 702463, at *6.

### C. Burden on Defendants

Without a stay, Defendants would experience discovery burdens. A stay can be warranted when "broad civil discovery would unfairly expand the scope of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b)." S.E.C. v. Alexander, No. 10-CV-04535-LHK, 2010 WL 5388000, at *5 (N.D. Cal. Dec. 22, 2010). Instead of granting a stay to address this burden, the Court could use "less drastic" methods, such as protective orders, to safeguard Defendants' interests. See eBay, 2010 WL 702463, at *5. However, Defendants have only requested a short stay. ECF No. 23 at 6. The risk of burdening Defendants with expanded criminal discovery paired with a reasonably limited request to stay weighs in favor of granting Defendants' motion.

### D. Additional Interests

The Court, nonparties, and public would also benefit from a temporary stay. The resolution of the criminal matter may narrow the scope of civil discovery. This will promote judicial efficiency and may benefit nonparties. See Douglas v. United States, No. C 03-04518 JW, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006) (noting that the results of a criminal trial may save "some witnesses the time and cost of appearing at all"); Jones, 2005 WL 1287017, at *2

1 (finding that a stay will conserve judicial resources by allowing the investigation to resolve common issues of fact and ensuring that civil discovery proceeds without Fifth Amendment concerns).

The public has several relevant interests. First, "[t]he public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases." Douglas, 2006 WL 2038375, at *6 (internal quotation marks and citations omitted). Additionally, the public has an interest in preserving the "public confidence in the enforcement scheme. . . ." of civil lawsuits. Keating, 45 F.3d at 326. However, the risk of eroding "public confidence in the enforcement scheme" is reduced when the requested stay is limited to ninety days. Id. Because Defendants only request a temporary stay, the interests of the Court, nonparties, and public also weigh in favor of granting a stay.

**CONCLUSION**

Defendants' motion to temporarily stay civil proceedings pending completion and determination of criminal investigation is GRANTED. However, the "interests of justice" only support a temporary stay with a clear expiration date. Id. at 324. Therefore, the motion to stay is granted until either the criminal investigation is completed or until April 2, 2018, whichever occurs first.[1] The Court emphasizes that the stay will be lifted on April 2, 2018 even if the criminal investigation is not complete. If the criminal investigation results in the filing of one or more criminal complaints, Defendants may file another motion to stay for the Court's consideration.

**IT IS SO ORDERED.**

Dated: February 14, 2018

JON S. TIGAR
United States District Judge

---

[1] The District Attorney received the report in December 2017. ECF No. 25 ¶ 7. The District Attorney did not specify which date she received the report, but even assuming she did not receive the report until December 31, 2017, the protocol would require her to make every reasonable effort to complete the review and file charges or a summary report by Saturday March 31, 2017. ECF No. 25 ¶ 6.

5