1  BRUCE D. GOLDSTEIN #135970
   County Counsel
2  JOSHUA A. MYERS #250988
   Deputy County Counsel
3  County of Sonoma
   575 Administration Drive, Room 105A
4  Santa Rosa, California 95403
   Telephone: (707) 565-2421
5  Facsimile: (707) 565-2624
   E-mail: joshua.myers@sonoma-county.org
6
   Attorneys for Third Party
7  Sonoma County Sheriff's Office

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WROTH and MARNIE WROTH, | Case No. 3:17-cv-05339-JST |
| Plaintiffs, | **STIPULATION AND [Proposed] PROTECTIVE ORDER REGARDING SUBPOENAED RECORDS** |
| vs. | |
| CITY OF ROHNERT PARK, et al., | |
| Defendants. | |

Third Party Sonoma County Sheriff's Office, Plaintiffs Christopher Wroth and Marnie Wroth ("Plaintiffs"), and Defendants City of Rohnert Park, David Sittig-Wattson, Sean Huot, Matt Huot, Mike Werle, and Eric Matzen (collectively referred to as the "Parties"), hereby stipulate that documents sought by Plaintiffs through a subpoena duces tecum will be covered by a protective order and hereby request the Court enter the attached proposed protective order regarding the subpoenaed documents.

**BACKGROUND**

Plaintiffs served a subpoena on the Sonoma County Sheriff's Office seeking two categories of documents:

1. Critical incident investigation report re: death of Branch Wroth on May 12, 2017.

2. All documents related to the autopsy and coroner's investigation of Branch Wroth.

The Sonoma County Sheriff's Office objected to the production of records responsive to these requests because portions of these the documents are protected by various privileges and privacy and confidentiality rights, including (1) the Official Information Privilege; (2) confidential and private medical information; (3) confidential and private peace officer personnel file information; and (4) the privacy rights of witnesses and investigating officers. (*See, e.g., Noble v. City of Fresno*, U.S. Dist. Ct. E.D. Cal., Case No. 1:16-cv-01690 DAD-BAM, 2017 U.S. Dist. LEXIS 194489, 2017 WL 5665850 (ordering protective order for police reports and coroner reports based on Official Information Privilege and privacy rights of witnesses and investigating officers).)

The Parties have met and conferred regarding the subpoena, the responsive documents and this requested protective order. The Parties agree that the documents responsive to the subpoena (hereinafter "Protected Material") will be produced once this Protective Order is signed by the Court. This Protective Order is identical to the United States District Court for the Northern District of California's Stipulated Protective Order for Standard Litigation except for the addition of case-identifying information and the elimination of language denoted as optional. (*See* Declaration of Joshua A. Myers re: Paragraph F of Judge Tigar's Standing Order for All Civil Cases, below.)

## PROTECTIVE ORDER

1. Scope: The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a

violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

2. <u>Duration</u>: Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Sonoma County Sheriff's Office agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

3. <u>Designation as Confidential</u>: The Sonoma County Sheriff's Office shall mark the Protected Material with a footer labeled "CONFIDENTIAL." For Protected Material in electronic form such as audio files or videos contained in CDs, the CD container shall be marked "CONFIDENTIAL and SUBJECT TO PROTECTIVE ORDER: DO NOT DISSEMINATE WITHOUT CONSULTING PROTECTIVE ORDER."

4. <u>Use of Protected Material</u>:

(a) The Parties may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (Final Disposition).

(b) Protected Material must be stored and maintained by a Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c) The Parties shall designate on the record in any deposition or other pretrial or trial proceeding all Protected Material and any testimony regarding the Protected Material before the close of the deposition, hearing or other proceeding.

5. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The court and its personnel;

(e) Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Sonoma County Sheriff's Office or ordered by the court. Pages of transcribed deposition testimony or exhibits to

depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (g)  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

 8.  <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>: If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

  (a)  Promptly notify in writing the Sonoma County Sheriff's Office, through the Sonoma County Counsel's Office, and the other Parties to this Action. Such notification shall include a copy of the subpoena or court order;

  (b)  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  (c)  Cooperate with respect to all reasonable procedures sought to be pursued by the Sonoma County Sheriff's Office.

  (d)  If the Sonoma County Sheriff's Office timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Sonoma County Sheriff's Office's permission. The Sonoma County Sheriff's Office shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

 9.  <u>Unauthorized Disclosure of Protected Material</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in

any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Sonoma County Sheriff's Office of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>Miscellaneous</u>.

    10.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    10.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    10.3    Filing Protected Material. Without written permission from the Sonoma County Sheriff's Office or a court order secured after appropriate notice to all interested persons, including but not limited to the Sonoma County Sheriff's Office though the Sonoma County Counsel's Office, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

11. <u>Final Disposition</u>.  Within 60 days after the final disposition of this Action, each Receiving Party must return all Protected Material to the Sonoma County Sheriff's Office or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Sonoma County Sheriff's Office by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 2 (Duration).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 16, 2018      BRUCE D. GOLDSTEIN, County Counsel

                                                     By:  <u>/s/ Joshua A. Myers</u>
                                                        Joshua A. Myers
                                                        Deputy County Counsel
                                                        Attorneys for the
                                                        Sonoma County Sheriff's Office

Dated: August 16, 2018      Schwaiger Law Firm

                                                   By:  <u>/s/ Izaak David Schwaiger</u>
                                                        Izaak David Schwaiger
                                                        Attorneys for Plaintiffs

Dated: August 16, 2018          Geary Shea O'Donnell Grattan & Mitchell, P.C.

By: /s/ Raymond J. Fullerton, Jr.
Raymond J. Fullerton, Jr.
Attorneys for Defendants
City of Rohnert Park,
David Sittig-Wattson, Sean Huot,
Matt Huot, Mike Werle, and Eric Matzen

**DECLARATION OF JOSHUA A. MYERS RE: PARAGRAPH F OF JUDGE TIGAR'S STANDING ORDER FOR ALL CIVIL CASES**

I, Joshua A. Myers, hereby declare:

1. I am a Deputy County Counsel with the Sonoma County Counsel's Office. I am an attorney licensed to practice law in all the courts of the State of California and before this court. One of my assignments is to represent Sonoma County employees in filing for Workplace Violence Restraining Orders. The matters set forth herein are based on my own personal knowledge, and if called to testify in this matter I could and would do so competently.

2. I drafted this proposed Stipulated Protective Order based on the United States District Court for the Northern District of California's Stipulated Protective Order for Standard Litigation, except that I added case specific information and eliminated language that did not apply because this proposed Protective Order only refers to documents and data produced in response to a particular subpoena duces tecum.

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 16, 2018          /s/ Joshua A. Myers
Joshua A. Myers

# ATTESTATION REGARDING ELECTRONIC SIGNATURES

I, Joshua A. Myers, hereby attest that pursuant to Local Rule 5-1(i)(3) I have obtained concurrence in the filing of this document from each of the other signatories.

Dated: August 16, 2018                /s/ Joshua A. Myers
                                                  Joshua A. Myers

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: August 17, 2018          _____
                                         United



IT IS SO ORDERED
Judge Jon S. Tigar

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____