United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WROTH, et al., Plaintiffs, v. CITY OF ROHNERT PARK, et al., Defendants. | Case No. 17-cv-05339-JST **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** Re: ECF No. 54 |

Before the Court is Plaintiffs Christopher Wroth and Marni Wroth's motion for leave to file a second amended complaint. ECF No. 54. The Court will grant the motion.

## I. BACKGROUND

### A. Factual Background

Plaintiffs are the parents of Branch Wroth, now deceased.[1] First Amended Complaint ("FAC"), ECF No. 39 at 2. Defendants are the City of Rohnert Park ("the City"), its Police Officers David Sittig-Wattson, Sean Huot, and Matt Huot, and Police Sergeants Mike Werle and Eric Matzen. FAC at 2; ECF No. 51 ¶¶ 4-9.

On May 12, 2017, Sittig-Wattson responded to a call at the Budget Inn in Rohnert Park, which reported that Branch was "acting strangely." FAC at 2; ECF No. 51 ¶ 12. The parties dispute whether Branch was under the influence of narcotics or appeared to require emergency medical treatment when Sittig-Wattson arrived. FAC at 3; ECF No. 51 ¶ 12. The remaining

---

[1] For clarity, the Court refers to Branch Wroth by his first name throughout this Order, and Christopher and Marnie Wroth as Plaintiffs. The Court intends no disrespect. *Bd. of Trustees of the Leland Stanford Junior Univ. v. Chiang Fang Chi-Yi*, No. 13-CV-04383-BLF, 2015 WL 5158749, at *1 (N.D. Cal. Sept. 2, 2015).

individual Defendants subsequently arrived as backup. FAC at 3.

Officers attempted to take Branch into custody due to an outstanding warrant. *Id.* A struggle ensued when the officers tried to put Branch in handcuffs. *Id.* The precise facts of the encounter are disputed, but the parties agree that the officers tased Branch and used physical force. FAC at 3; ECF No. 51 ¶¶ 13-16. The officers' body cameras captured portions of the incident. ECF No. 51 ¶ 12.

Branch died while in officers' custody. FAC at 4; ECF No. 51 ¶ 16. Plaintiffs allege that the officers forced Branch's face into the carpet and that their weight suffocated him to death. FAC at 3-4. Defendants' theory is that Branch "died due to a heart attack induced in large part by methamphetamine abuse." ECF No. 55 at 2.

**B.     Procedural History**

On September 14, 2017, Plaintiffs filed a complaint for damages under 42 U.S.C. § 1983 against the City, Sittig-Wattson, and Sean Huot, alleging that (1) Defendants had deprived them of their First and Fourteenth Amendment rights to familial relationship and (2) the City was liable for ratifying the officers' unconstitutional actions. *Id.* at 3-4.

On February 14, 2018, the Court granted Defendants' motion to temporarily stay proceedings pending Sonoma County's criminal investigation of the incident. ECF No. 29. The Court lifted the stay on April 4, 2018. ECF No. 31.

On April 19, 2018, the Court issued a scheduling order, setting fact discovery cut-off for November 30, 2018, expert discovery cut-off for February 15, 2019, and trial for June 3, 2019. ECF No. 35.

In the spring of 2018, Defendants provided Plaintiffs' counsel with all body camera footage of the incident, which was taken from four separate cameras. ECF No. 55 at 2. On May 2, 2018, Plaintiffs sought Defendants' consent to amend the complaint to name three additional officers as Defendants and add new factual allegations. ECF No. 55-2. On June 7, 2018, Defendants agreed. ECF No. 55-3 at 1. Plaintiffs filed the FAC on June 19, 2018. ECF No. 39.

**C.     The New Claim**

Between August 6, 2018 and August 13, 2018, Plaintiffs deposed each of the officer

Defendants. ECF No. 55-1 ¶ 8. Plaintiffs' counsel asked each officer if he had received any training on the risks of "positional asphyxiation," i.e., placing someone in a position where lethal suffocation may occur. ECF No. 54 at 3-6. According to Plaintiffs, the officers' responses indicated that they had received little or no training on the subject. *Id.*

On October 10, 2018, Plaintiffs' counsel requested Defendants' consent to amend their complaint to add a claim that the City inadequately trained its officers. ECF No. 55-8 at 4.[2] Defendants initially declined to stipulate to the amendment, *id.* at 2, and after an additional exchange between counsel, confirmed their position on November 1, 2018, ECF No. 55-9 at 1.

On November 7, 2018, Plaintiffs filed this motion requesting leave to file a second amended complaint. ECF No. 54.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a matter of course" within 21 days of serving it or within 21 days after a response to it has been filed. Fed. R. Civ. P. 15(a)(1).[3] Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court "should freely give leave" to amend a pleading "when justice so requires." *Id.*

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County,* 708 F.3d 1109, 1117 (9th Cir. 2013) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). But not all of those factors

---

[2] Plaintiffs' existing ratification claim requires a showing that "an official with final policy-making authority . . . ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 802-03 (9th Cir. 2018). Plaintiffs' proposed failure-to-train claim is measured by whether the City "fail[ed] to train employees in a manner that amounts to 'deliberate indifference' to a constitutional right, such that the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 802.

[3] The Court's scheduling order did not set a deadline to amend the pleadings. ECF No. 35. Accordingly, Federal Rule of Civil Procedure 15 applies to Plaintiffs' motion for leave to amend.

3

1 merit equal consideration: it is "prejudice to the opposing party that carries the greatest weight."

2 *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party

3 opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*,

4 833 F.2d 183, 187 (9th Cir. 1987). Generally, a court must make the determination of whether to

5 grant leave "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*,

6 170 F.3d 877, 880 (9th Cir. 1999).

**III. DISCUSSION**

Defendants raise two arguments in opposition to this motion. First, Defendants argue that amendment would be prejudicial because it would require discovery to be re-opened and would delay trial. ECF No. 55 at 5-6. Defendants posit that they will have to conduct new discovery, gather documentary evidence and interview witnesses, retain a new expert, and devote additional resources to preparing a legal defense. *Id.*

The Court finds insufficient prejudice to support denial of leave to amend under the Rule's lenient standard. "The adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Pineida v. Lee*, No. 12-CV-01171-JST, 2014 WL 2927160, at *3 (N.D. Cal. June 26, 2014) (quoting *United States ex rel. Maritime Admin v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989)). Nor does the addition of new claims, *see id.*, absent some additional prejudice, *see, e.g.*, *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) ("The new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense."). Here, the addition of a failure-to-train theory of liability will not cause a "radical shift in direction" of the case. *Id.* Although fact discovery has closed, Plaintiffs seek no additional discovery and have agreed to stipulate to reopening fact discovery if necessary. ECF No. 56 at 3. Defendants have stated that they will need to re-interview officers and perhaps other Department officials, ECF No. 55 at 6, but they have not suggested that the delay in amendment will make doing so more difficult. The vague resources burdens cited by Defendants are not a basis for denying leave to amend. *Cf. Pineida*, 2014 WL 2927160, at *3.

4

1    Moreover, Defendants also have not shown that the any delays in the case schedule will be
2    substantial or explained how they would be prejudicial. Under the current schedule, expert
3    discovery has only recently begun, and it does not close until February 15, 2019. ECF No. 35 at 1.
4    Trial is not scheduled to begin until June 3, 2019. *Id.* Under these circumstances, the Court is not
5    persuaded that Defendants will suffer undue prejudice.

6    Second, Defendants argue that Plaintiffs unduly delayed in adding this claim. ECF No. 55
7    at 5. Primarily, Defendants contend that Plaintiffs "clearly suspected" that a basis for their
8    inadequate training claim existed well before the August 2018 depositions, citing Plaintiffs'
9    statements shortly after Branch's death in May 2017, ECF Nos. 55-4, 55-5, 55-6, 55-7, and the
10   viewing of the body-camera footage in the spring of 2018. ECF No. 55 at 7. Defendants further
11   argue that Plaintiffs were not diligent in seeking leave to amend after the depositions because they
12   waited two months to request a stipulation and another month to bring this motion. *Id.*

13   The record does indicate that Plaintiffs were aware of the potential to bring an inadequate-
14   training claim, and Plaintiffs could have been more diligent in investigating whether there was
15   sufficient support to allege this claim. Nonetheless, "delay alone, no matter how lengthy, is an
16   insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th
17   Cir. 1981). Denying leave to amend on the basis of undue delay is disfavored "[w]here there is a
18   lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or
19   made as a dilatory maneuver in bad faith." *United States v. Pend Oreille Pub. Util. Dist. No. 1*,
20   926 F.2d 1502, 1511 (9th Cir. 1991) (quoting *Howey v. United States*, 481 F.2d 1187, 1190-91
21   (9th Cir. 1973)). As discussed above, the Court finds no undue prejudice, and there are no
22   allegations of bad faith. Nor is the new claim frivolous on its face.

23   Finally, the Court considers the "underlying purpose of Rule 15 – to facilitate decision on
24   the merits rather than on the pleadings or technicalities." *DCD Programs,* 833 F.2d at 186; *see*
25   *also Foman,* 371 U.S. at 181-82 ("The Federal Rules reject the approach that pleading is a game of
26   skill in which one misstep by counsel may be decisive to the outcome and accept the principle that
27   the purpose of pleading is to facilitate a proper decision on the merits."). The Court concludes that
28   the delay in pursuing this claim, and any resulting delay from permitting amendment, do not

outweigh this policy of adjudication on the merits.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file a second amended complaint. Plaintiffs may file the proposed complaint, which is attached to ECF No. 54 as Exhibit A, within seven days of the date this order is filed. Any party seeking to amend the deadlines contained in the Court's scheduling order, ECF No. 35, must meet and confer with the opposing party. The parties must then submit a joint stipulation or competing proposals for a new schedule, which shall contain all proposed amended deadlines and a plan for additional discovery.

**IT IS SO ORDERED.**

Dated: December 7, 2018



JON S. TIGAR
United States District Judge