John Houston Scott (SBN 72578)
Lizbeth N. de Vries (SBN 227215)
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9601
Fax:  (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger (SBN 267888)
130 Petaluma Avenue, Suite 1A
Sebastopol, CA 95472
Tel. (707) 595-4414
Fax: (707) 851-1983
E-mail: izaak@izaakschwaiger.com

Attorneys for Plaintiffs CHRISTOPHER WROTH
AND MARNI WROTH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WROTH and MARNI WROTH,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF ROHNERT PARK, DAVID SITTIG-WATTSON, SEAN HUOT, MATT HUOT, MIKE WERLE, ERIC MATZEN and DOES 1-25,<br><br>        Defendants. | Case No. 3:17-cv-05339-JST<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>(42 U.S.C. § 1983)<br><br>*JURY TRIAL DEMANDED* |

PLAINTIFFS CHRISTOPHER WROTH and MARNI WROTH complain of Defendants and alleges as follows:

### JURISDICTION AND VENUE

1.     This action arises under 42 U.S.C. §1983. Jurisdiction is conferred by virtue of 28 U.S.C. §§ 1331 and 1343.

2. The conduct alleged herein occurred in Sonoma County. Venue of this action lies in the United States District Court for the Northern District of California.

**PARTIES**

3. Plaintiffs Christopher Wroth and Marni Wroth reside in Mount Shasta, County of Siskiyou, California. They are the parents of the deceased, Branch Wroth.

4. Defendant City of Rohnert Park is a public entity situated in the State of California and organized under the laws of the State of California.

5. Defendant David Sittig-Wattson is and was a police officer employed by the City of Rohnert Park. He acted in the course and scope of his employment, and under color of state law, at all times mentioned herein.

6. Defendant Sean Huot is and was a police officer employed by the City of Rohnert Park. He acted in the course and scope of his employment, and under color of state law, at all times mentioned herein.

7. Defendant Matt Huot is and was a police officer employed by the City of Rohnert Park. He acted in the course and scope of his employment, and under color of state law, at all times mentioned herein.

8. Defendant Mike Werle is and was a police officer employed by the City of Rohnert Park. He acted in the course and scope of his employment, and under color of state law, at all times mentioned herein.

9. Defendant Eric Matzen is and was a sergeant employed by the City of Rohnert Park. He acted in the course and scope of his employment, and under color of state law, at all times mentioned herein.

10. Plaintiffs also do not presently know the true names and capacities of defendants DOES 1 through 25, inclusive, and therefore sues them by these fictitious names. Plaintiffs are informed and believe that DOES 1 through 25, and each of them, were responsible in some manner for the acts or omissions alleged herein. Plaintiffs will seek leave to amend this Complaint to add their true names and capacities when they have been ascertained.

11.     In doing the acts and/or omissions alleged herein, defendants and each of them acted under color of authority and/or under color of state law, and, in concert with each other.

### STATEMENT OF FACTS

12.     On May 12, 2017, Officer Sittig-Wattson was called to the Budget Inn in the City of Rohnert Park to check on the welfare of Branch Wroth, who was reportedly acting strangely. Upon contact, Branch Wroth appeared to be and was in need of medical treatment. Officer Sittig-Wattson enquired of Branch what was the matter. Branch responded, "I'm having a meltdown." Branch was in an obvious state of mental and emotional distress, but remained passive and cooperative. Instead of providing or obtaining emergency medical care for Branch, Officer Sittig-Wattson elected to perform a warrant check. He discovered an outstanding warrant for Mr. Wroth and determined to take him into police custody rather than address his obvious medical needs. This encounter was recorded by body camera video which is in the possession of the parties.

13.     Officer Sean Huot arrived as backup. The officers attempted to handcuff Mr. Wroth for the purpose of taking him into custody. A struggle ensued and Officer Sittig-Wattson began punching and elbowing Branch repeatedly. Both officers began kneeing Branch in his abdomen. Officer Sittig-Wattson then fired his taser into Branch's back as Mr. Wroth called out, "Help me, help me!" The two officers forced Branch to the floor and Officer Sittig-Wattson delivered a second application of the taser to his body. In less than a minute Branch was tasered seven times.

14.     Officer Sean Huot placed handcuffs around one of Branch's wrists as he lay facedown on the ground. About that time Officers Matt Huot, Mike Werle, and Sgt. Matzen arrived on scene and handcuffed Branch behind his back. Officer Matt Huot kneeled on top of Branch's shoulders. Officer Wattson called out, "Hit him," and Officer Werle began beating Branch with his service flashlight as Mr. Wroth called out, "Mom! Dad!"

15.     Sgt. Matzen forced Branch's legs into a figure-four pain compliance hold as he lay on the floor face down and handcuffed with the weight of the other officers crushing his upper

body. Branch cried for help as his face was forced straight down into the carpet. He cried out, "I can't breathe!" The five officers continued to suffocate him to death.

16. As a result of said acts and omissions, Branch Wroth died while in the custody and under the control of Defendants David Sittig-Wattson, Sean Huot, Matt Huot, Mike Werle, and Eric Matzen.

### STATEMENT OF DAMAGES

17. As a result of the acts and/or omissions of Defendants, and each of them, Plaintiffs suffered the loss of the familial association of their son, including society, comfort, and affection, in amounts to be determined according to proof.

18. As a result of the acts and/or omissions of Defendants, and each of them, the Plaintiffs suffered the loss of the services and economic support of their son in amounts to be determined according to proof.

19. The acts and/or omissions of Defendants David Sittig-Wattson, Sean Huot, Matt Huot, Mike Werle, and Eric Matzen were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the decedent and the plaintiffs, who seek punitive and exemplary damages against these individuals according to proof.

21. Plaintiffs have retained private counsel to represent them in this matter and are entitled to an award of attorneys' fees.

### FIRST CAUSE OF ACTION
### (42 U.S.C. SECTION 1983)
### [DEPRIVATION OF FAMILIAL RELATIONSHIP]

22. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

23. By and through the acts and omissions alleged herein, Defendants David Sittig-Wattson, Sean Huot, Matt Huot, Mike Werle, Eric Matzen, and DOES 1-25, deprived Plaintiffs of the familial relationship with their son thereby violating said Plaintiffs' rights under the First and

Fourteenth Amendments of the United States Constitution.  The defendants acted with deliberate indifference and/or a purpose to harm Branch Wroth thus causing his death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### [42 U.S.C. §1983 – RATIFICATION AGAINST CITY OF ROHNERT PARK]

24. All allegations set forth in this Complaint are hereby incorporated by reference.

25. Brian Masterson, Director of Public Safety, had final policymaking authority for the City of Rohnert Park concerning the acts police officers within his chain of command.

26. Director Masterson ratified the acts and omissions of Defendants David Sittig-Wattson, Sean Huot, Matt Huot, Mike Werle, and Eric Matzen by reviewing and approving their acts and omissions alleged herein and the reasons for them. Director Masterson reviewed all of the documentary and video evidence in this matter and determined that the defendants violated no policies, and that they acted professionally and reasonably under the circumstances.

27. These affirmative and deliberate acts and omissions by the final policy makers for the City of Rohnert Park ratified the conduct of the named defendants and their reasons for the conduct. Each individual defendant remains on duty, undisciplined, and with no remedial training, despite the death of Branch Wroth being deemed a homicide by the Sonoma County Coroner.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### [42 U.S.C. §1983 – INADEQUATE TRAINING AGAINST CITY OF ROHNERT PARK]

28. All allegations set forth in this Complaint are hereby incorporated by reference.

29. For over thirty years it has been common knowledge among law enforcement agencies throughout California and the United States that countless deaths of persons in police custody have been caused by positional asphyxiation and/or restraint asphyxiation. Training on this phenomenon is included in all police academies, and in regular ongoing training in law enforcement agencies throughout the State of California and the nation.  Yet the named

defendants herein have testified that they had received no training and had no knowledge of the subject matter other than minimal training they may have received prior to being employed by the City of Rohnert Park. Police officers adequately trained would have recognized the dangers to Branch Wroth of positional asphyxiation, that Branch Wroth in fact died of positional, and that his death was entirely foreseeable and preventable.

30. The City of Rohnert Park's policies and practices were not adequate to train its police and safety officers to handle this common and recurring situation which officers around the nation deal with on a daily basis, i.e., arresting and safely restraining uncooperative persons.

31. The City of Rohnert Park was deliberately indifferent to the substantial risk of known and obvious consequences, including death, of failing to adequately train its police and safety officers regarding positional asphyxiation and restraint asphyxiation.

32. The City or Rohnert Park's failure to provide adequate training caused the deprivation of the plaintiffs' rights by the individual defendant police officers; that is, the City's failure to train is so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury—the death of Branch Wroth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### **PRAYER**

1. For compensatory damages according to proof;

2. For general damages according to proof;

3. For an award of punitive and exemplary damages against individual defendants according to proof;

4. For costs and attorneys' fees; and

5. For such other relief as the Court may deem proper.

## JURY TRIAL DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

**SCOTT LAW FIRM**

Dated: November 7, 2018

/s/ John Houston Scott
John Houston Scott
Attorney for Plaintiff

**SCHWAIGER LAW FIRM**

Dated: November 7, 2018

/s/ Izaak David Schwaiger
Izaak David Schwaiger
Attorney for Plaintiff