UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WROTH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROHNERT PARK, et al.,<br><br>Defendants. | Case No. 17-cv-05339-JST<br><br>**PRETRIAL ORDER**[1] |

Pursuant to the Court's standing orders and the orders made from the bench at the pretrial conferences held May 24, 2019, and May 31, 2019, the Court now orders as follows:

**Scheduling and Time Limits**

Trial will continue Monday through Thursday from 8:30 a.m. to 1:30 p.m. Counsel are expected to arrive at 8:00 a.m. each trial day in order to address matters required to be addressed outside the presence of the jury.

The Court will impose time limits on the presentation of evidence. Based on the requests of the parties, the Court allocates 18 hours to Plaintiffs and 10 hours to Defendants. These time limits are inclusive of all witness examination, *i.e.*, direct, cross-, re-direct, and re-cross. They do not include voir dire, opening statements, or closing arguments.

The Court will conduct preliminary voir dire, followed by counsel's voir dire. Each side may conduct 20 minutes of voir dire of the first group of 16 potential jurors, and an additional 10 minutes each time the "six pack" is refilled.

---

[1] This order reflects the rulings made from the bench at the pretrial conferences held May 24 and May 31, 2019. The rulings set forth here are in addition to those set forth in the minutes and the Court's Standing Order for Civil Jury Trials.

Counsel's opening statements are limited to one hour or less unless counsel requests a longer time on June 3, 2019, and the request is granted.

**Motions In Limine**

Plaintiffs' Motion In Limine Number 1 is granted with respect to the late-produced training documents. Neither those documents, nor testimony based on them, are admissible. These documents were obligated to be disclosed pursuant to Rule 26 and there was no substantial justification for late disclosure. The motion is denied as moot with respect to the decedent's medical records and rap sheet. These items are not admissible for other reasons stated on the record in connection with Plaintiffs' other motions in limine.

Plaintiffs' Motion In Limine Number 2 is granted in part and denied in part. The length of time of decedent Wroth's drug and alcohol use is admissible, even if it is not possible to be specific about that length. Thus, that Wroth might have used methamphetamine for "years" or "a substantial period of time" is admissible. Counsel are directed to meet and confer for the purpose of reaching an agreement on how to describe this period. (Subsequent to this ruling, counsel prepared such a stipulation.)

The fact that Branch Wroth suffered the convictions that are the subject of this motion is inadmissible under Federal Rule of Evidence ("FRE") 403 and his rap sheet is excluded for that reason. That he was convicted adds almost nothing to the probative value of his drug and alcohol use but is unduly prejudicial because of the stigma attached to a criminal conviction.

The specific medical records that are the subject of the motion are inadmissible as hearsay and pursuant to FRE 403. They are likely to contain many extraneous details that will be confusing to a jury and which would require expert testimony. The *fact* of Wroth's hospitalizations, however, is admissible, as are the physician's findings during his emergency room visits. *See* May 24, 2019 Transcript ("5/24 R.T.") 31:24-32:5. The admonition from Wroth's physician about the likely future effects of methamphetamine use has no probative value and is excluded. The fact that Wroth was in a state of undress, or similar details, are also excluded. Counsel are directed to meet and confer regarding what "similar details" should be admissible or not and bring their disagreements to the Court's attention well in advance of any

witness examination.

<u>Plaintiffs' Motion In Limine Number 3</u> is granted without objection.

<u>Plaintiffs' Motion In Limine Number 4</u> is granted. Specifically, Defendants' expert will not opine that the officers in this case were not deliberately indifferent and will not give opinions on areas of training other than those listed in motion, although testimony concerning the overall hours requirements for Rohnert Park police training are admissible. 5/24 R.T. 40:12-41:1.

<u>Defendants' Motion In Limine Number 1</u> is denied without prejudice. Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." "Additional information and opinions should be contained in supplemental reports regarding information given during the expert's deposition." *Green v. Kanazawa*, No. CV 16-00054LEK-KSC, 2018 WL 6671578, at *3 (D. Haw. Apr. 23, 2018). The Court will enforce these rules at trial on timely objection.

Nonetheless, the motion is denied without prejudice because Defendants have not identified the particular "opinions, bases, and factual matters" they wish to exclude. *See* ECF No. 86 at 2 (stating "during deposition plaintiffs' retained experts expressed opinions and relied on bases and facts not included in their expert reports" without elaboration); *Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible. . . . [M]otions in limine should rarely seek to exclude broad categories of evidence . . . .").

The parties have agreed that Plaintiffs' experts may address issues raised by Defendants' experts based upon, or disclosed within, evidence that had not been produced at the time Plaintiffs' expert reports were served.

<u>Defendants' Motion In Limine Number 2</u> is granted for the reasons stated on the record.

<u>Defendants' Motion In Limine Number 3</u> is denied for the reasons stated on the record, except that Plaintiffs may not "put [in] any other professional standard that [they] have not already identified." 5/24 R.T. 51:6-8.

<u>Defendants' Motion In Limine Number 4</u> is denied for the reasons stated on the record.

3

Defendants' Motion In Limine Number 5 is granted in part. Mr. Ehle may not testify regarding medical causation and specifically, whether the officers' means of restraint caused or contributed to Mr. Wroth's death, whether Mr. Wroth was suffering from mental illness, or whether he was suffering from excited delirium. The portion of the motion addressed to "legal opinions" is denied for the reasons stated on the record.

Defendants' Motion In Limine Number 6 is denied for the reasons stated on the record.

Defendants' Motion In Limine Number 7 is denied for the reasons stated on the record. The Court will consider a timely-offered limiting instruction that the use of the word "homicide" does not imply criminal intent, although effective cross-examination may render such an instruction unnecessary.

Defendants' Motion In Limine Number 8 is denied for the reasons stated on the record.

Defendants' Motion In Limine Number 9 is granted in part. Plaintiffs will provide an excerpt of this video sufficient to show Mr. Wroth's cyanosis. Plaintiffs will provide the proposed excerpt to Defendants by 8:30 a.m. June 5, 2019. Failure to provide the excerpt timely waives Plaintiffs' right to introduce any portion of the video. If, after meeting and conferring, Defendants have any objection to Plaintiffs' proposed excerpt, they will so inform the Court at 8:00 a.m. June 6, 2019. Failure to make a timely objection waives Defendants' right to object.

Defendants' Motion In Limine Number 10 is granted for the reasons stated on the record.

Defendants' Motion In Limine Number 11 is granted in part. The memorial slide show must be shown without music but may be shown to the jury. Defendants' objection to the birthday video was withdrawn.

Defendants' Motion In Limine Number 12 was withdrawn based on the representations of Plaintiffs' counsel regarding the subject matter of these witnesses' testimony.

Defendants' Motion In Limine Number 13 is granted for the reasons stated on the record.

**Evidentiary Objections**

1. Plaintiffs' objection to Defendants' Exhibit 19, the mug shot of Branch Wroth, is sustained pursuant to FRE 403.

2. Plaintiffs' objection to Defendants' Exhibit 14 is sustained on grounds of untimely disclosure.

3. Defendants' Exhibit 15 was withdrawn.

4. Plaintiffs' objection to Defendants' Exhibit 16 was withdrawn.

Plaintiffs' remaining objections to Defendants' exhibits are moot in light of the Court's rulings on the motions in limine.

**Objections to Witnesses**

1. The objection to Defendants' witness Rebecca Sotello, ECF No. 85, is overruled.

**Jury Instructions**

1. The Court will add the following sentence to Ninth Circuit Model Instruction 9.7: "Failure to discipline the officers involved, by itself, is not enough to demonstrate ratification."

2. The Court will add the following sentence to Ninth Circuit Model Instruction 9.8: "Notice to the City is established by either (1) evidence of a pattern of similar constitutional violations by untrained or inadequately trained employees, or (2) a showing that the consequences of a failure to train are patently obvious."

3. The Court will also add the following sentence to Ninth Circuit Model Instruction 9.8: "If supported by the evidence, you may find that the training provided by the City of Rohnert Park was inadequate even if you also find that its training complied with POST requirements."

4. The Court will add the following sentence to Ninth Circuit Model Instruction 9.32[2]: "Deliberate Indifference can only be found in circumstances where actual deliberation by a defendant is practical."

**IT IS SO ORDERED.**

Dated: June 2, 2019

_____
JON S. TIGAR
United States District Judge

---

[2] The Ninth Circuit Jury Instructions Committee does not provide a model instruction with this number, but the Court adopts the parties' nomenclature.

5